**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7550**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH LEE FOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00013-MR-DLH-8; 1:12-cv-00315-MR)

Submitted: January 18, 2018                    Decided: January 23, 2018

Before GREGORY, Chief Judge, and SHEDD and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kenneth Lee Foster, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Thomas A. O'Malley, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lee Foster seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking relief from the denial of his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); *see Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004), *abrogated on other grounds by United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Foster has not made the requisite showing. The district court lacked jurisdiction to address Foster's Rule 60(b) motion on its merits, as the motion was the functional equivalent of an unauthorized successive 28 U.S.C. § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (same). Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

Foster remains free, however, to pursue the legal issues identified in his Rule 60(b) motion in a motion pursuant to 28 U.S.C. § 2244 (2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3